# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **IN RE: EXCISE TAX LITIGATION** ) | |
| ) | |
| **PSMT, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-0118 |
| ) | |
| **THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and JOEL A. LEE in his capacity as DIRECTOR OF INTERNAL REVENUE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| **APEX CONSTRUCTION COMPANY, INC.,** ) | |
| ) | Case No. 3:21-cv-0039 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| **BLUEWATER CONSTRUCTION, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0040 |
| ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | |
| ) | |
| Defendant. ) | |

*In re: Excise Tax Litigation*
Memorandum Opinion
Page 2 of 13

| | | |
|---|---|---|
| **MSI BUILDING SUPPLIES, INC.,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 3:21-cv-0041 | |
| ) | | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | | |
| ) | | |
| Defendant. ) | | |
| **UNITED CORPORATION** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 3:21-cv-0043 | |
| ) | | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | | |
| ) | | |
| Defendant. ) | | |
| **IMPEX TRADING INTERNATIONAL, INC.,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 3:21-cv-0044 | |
| ) | | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | | |
| ) | | |
| Defendant. ) | | |
| **B&B MANUFACTURING, INC.,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 3:21-cv-0052 | |
| ) | | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | | |
| ) | | |
| Defendant. ) | | |

**ATTORNEYS:**

**TAYLOR W. STRICKLING, ESQ.**
MARJORIE RAWLS ROBERTS, P.C.
ST. THOMAS, U.S. VIRGIN ISLANDS
　　*FOR PLAINTIFF PSMT, LLC,*

**MICHAEL L. SHEESLEY, ESQ.**
MLSPC
ST. THOMAS, U.S. VIRGIN ISLANDS
　　*FOR PLAINTIFFS APEX CONSTRUCTION COMPANY, INC., BLUEWATER CONSTRUCTION, INC., MSI BUILDING SUPPLIES, INC., UNITED CORPORATION, IMPEX TRADING INTERNATIONAL, INC., AND B&B MANUFACTURING, INC.,*

**JOSEPH A. DIRUZZO, ESQ.**
DIRUZZO & COMPANY
FT. LAUDERDALE, FLORIDA
　　*FOR PLAINTIFFS APEX CONSTRUCTION COMPANY, INC., BLUEWATER CONSTRUCTION, INC., MSI BUILDING SUPPLIES, INC., UNITED CORPORATION, IMPEX TRADING INTERNATIONAL, INC., AND B&B MANUFACTURING, INC.,*

**ARIEL M. SMITH-FRANCOIS, ESQ.**
**CHRISTOPHER M. TIMMONS, ESQ.**
**JULIE ANNE BEBERMAN, ESQ.**
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
ST. THOMAS, U.S. VIRGIN ISLANDS
　　*FOR DEFENDANTS THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, AND JOEL A. LEE IN HIS CAPACITY AS DIRECTOR OF INTERNAL REVENUE.*

## **MEMORANDUM OPINION**

**Molloy, Chief Judge**

　　**BEFORE THE COURT** is the Magistrate Judges' Report and Recommendation recommending the Court deny the Defendant Government of the Virgin Islands' ("Virgin Islands") Motions to Dismiss.[1] For the reasons stated below, the Court will adopt the Report

---

[1] *See* ECF No. 42 in *PSMT, LLC v. The Government of the Virgin Islands et al.*, Case No. 3:19-cv-0118; ECF No. 46. in *Apex Constr. Co., Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0039; ECF No. 45 in *Bluewater Constr., Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0040; ECF No. 46 in *MSI Bldg. Supplies, Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0041; ECF No. 45 in *United Corp. v. The United States Virgin Islands*, Case No. 3:21-cv-0043; ECF No. 46 in *Impex Trading Int'l, Inc., v. The United States Virgin Islands*, Case No. 3:21-cv-0044; and ECF No. 48 in *B&B Mfg., Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0052.

and Recommendation to the extent any portions remain outstanding and deny the Virgin Islands' motions to dismiss.[2]

## I. BACKGROUND

The seven plaintiffs in the above-captioned cases, PSMT, LLC, Apex Construction Company, Inc., Bluewater Construction, Inc., MSI Building Inc., United Corporation, Impex Trading International, Inc., and B&B Manufacturing, Inc. ("Plaintiffs") are Virgin Islands businesses who regularly import goods into the territory. Between December 22, 2019, and June 18, 2021, the Plaintiffs each filed separate complaints alleging that from 2016-2018, and in PSMT's case, up until 2019,[3] the Government of the Virgin Islands imposed excise taxes pursuant to 33 V.I.C. § 42 on the Plaintiffs' imported goods in violation of the Commerce Clause.[4] On July 6, 2021,[5] the Virgin Islands filed motions to dismiss in each case pursuant to Rule 12(b)(1) and Rule 12(b)(6). *See* ECF No. 8.[6] The Virgin Islands offered several bases for

---

[2] This Memorandum Opinion does not apply to the Virgin Islands' March 12, 2020, motion to dismiss in *PSMT*, Case No. 3:19-cv-0118, because the motion to dismiss in the *PSMT* case has been rendered moot by PSMT's Amended Complaint. *See* ECF No. 10 and ECF No. 49; *see also Oriental Bank v. Bennett*, 2022 WL 704028, at *1 (D.V.I. Mar. 9, 2022) ("[W]hen a defendant files a motion to dismiss a complaint and the plaintiff subsequently properly files an amended complaint, the amended complaint becomes the operative pleading and 'render[s] moot [the] defendant['s] motions to dismiss.'" (brackets in the original) (quoting *Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009))); *Pippett v. Waterford Development, LLC*, 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001) ("The filing of an amended complaint generally renders a pending motion to dismiss moot.").

[3] Only PSMT alleges that the alleged harm took place until 2019. *See* ECF No. 1 in *PSMT*, Case No. 3:19-cv-0118. The six other plaintiffs allege that the relevant period is between 2016 and 2018. *See* ECF No. 1 in *Apex*, Case No. 3:21-cv-0039; *Bluewater*, Case No. 3:21-cv-0040; *MSI*, Case No. 3:21-cv-0041; *United*, Case No. 3:21-cv-0043; *Impex*, Case No. 3:21-cv-0044; *B&B Mfg.*, Case No. 3:21-cv-0052.

[4] *See* ECF No. 1 in *PSMT*, Case No. 3:19-cv-0118; *Apex*, Case No. 3:21-cv-0039; *Bluewater*, Case No. 3:21-cv-0040; *MSI*, Case No. 3:21-cv-0041; *United*, Case No. 3:21-cv-0043; *Impex*, Case No. 3:21-cv-0044; *B&B Mfg.*, Case No. 3:21-cv-0052.

[5] The Virgin Islands filed a motion to dismiss on July 6, 2021, in all of the above-captioned cases except for *PSMT*, Case No. 3:19-cv-0118. In *PSMT*, the Virgin Islands filed their original motion to dismiss on March 12, 2020. *See* ECF No. 10.

[6] For the sake of expedience, all ECF citations herein shall be made to the docket of *B&B Mfg., Inc. v. United States Virgin Islands*, Case No. 3:21-cv-0052 unless otherwise noted. All complaints in this matter are substantively identical, apart from PSMT, LLC's, which alleges an additional cause of action regarding the Virgin Islands container tax. The Magistrate Judge entered her Report and Recommendation in each of the above-captioned cases after the pending motions to dismiss were consolidated and referred to her. The only objections filed were by the GVI regarding the excise tax. No objections were filed regarding the Magistrate Judge's recommendation that PSMT's container tax claim be dismissed. In any event, PSMT's Complaint is not at issue in this opinion as the Virgin Islands March 12, 2020, motion to dismiss in *PSMT*, Case No. 3:19-cv-0118,

dismissal of the Plaintiffs' respective complaints. The Virgin Islands first argued that the Plaintiffs lacked standing because they had failed to allege a cognizable injury since the Plaintiffs had not identified the existence of a similarly situated local competitor who benefited from the Virgin Islands' decision not to tax locally produced goods. *See id.* at 3-6. The Virgin Islands then asserted that the Plaintiffs had not stated a claim for which relief could be granted because, without an allegation that a similarly situated local competitor exists, Plaintiffs failed to allege a necessary element of a valid dormant Commerce Clause claim—that the Plaintiffs suffered a constitutionally cognizable injury protected by the Commerce Clause. *See id.* at 7. As a final argument, the Virgin Islands maintained that the tax comity doctrine dictated that the Court refuse jurisdiction over these claims and dismiss the cases. *See id.* at 7-10.

On March 10, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") in each case, rebuffing the Virgin Islands' arguments and recommending this Court deny the Virgin Islands' motions to dismiss. *See* ECF No. 48. The Virgin Islands timely filed objections to the Magistrate Judge's recommendation on March 24, 2022. (ECF No. 49.) The filing contained two main objections. The Virgin Islands first argued that the Magistrate Judge incorrectly concluded that the tax comity doctrine applies to the Virgin Islands. *See id.* at 2-7. As for the second bases, it argued that the Magistrate Judge incorrectly relied on the Court's prior decision in *Reefco* to conclude that no allegation of a similarly situated local competitor who benefited from the tax scheme is needed in order to overcome a Rule 12(b)(6) motion. *See id.* at 7-8.

After reviewing the record, the Court rejected the Magistrate Judge's recommendation and granted the Virgin Islands' motions, concluding that the tax comity doctrine favored dismissing the Plaintiffs' claims. *See* ECF No. 52.[7] Because the Court

---

has been rendered moot. *See supra* note 2. Therefore, the Court's review of any individual objection is applicable to the remainder of the above-captioned cases.

[7] While the Court rejected the Magistrate Judge's recommendation that the tax comity doctrine did not apply to these cases, the Court adopted the Magistrate Judge's conclusion that the Plaintiffs had established standing in these cases. *See* ECF No. 52 n. 5 at 6.

determined that the tax comity doctrine precluded it from exercising jurisdiction, the Court did not address the remainder of the Virgin Islands' objections to the Magistrate Judge's R&R. *See id.*[8]

Following the Court's decision, the tax comity issue went up on appeal to the Third Circuit. On August 17, 2023, the Third Circuit issued a decision finding that while the tax comity doctrine applied in the Virgin Islands, it did not apply in the instant cases because the Plaintiffs were seeking a legal remedy as opposed to an equitable one. *See Apex Constr. Co. v. Virgin Islands*, 2023 WL 5287668, at *3 (3d Cir. Aug. 17, 2023). As a result, the Third Circuit reversed the decision and remanded the case for further disposition. *See id.* at 4.

Following the Third Circuit's decision, the Virgin Islands filed a motion seeking to renew objections to the R&R. ECF No. 70. Specifically, the Virgin Islands sought to renew its objection to the Magistrate Judge's recommendation that the Virgin Islands' motions to dismiss for failure to state a claim be denied. *See id.* The Court finds that the Defendant's objection is properly before the Court, and thus, the Court will address the objection accordingly.[9]

## II.  LEGAL STANDARD

### A. Rule 12(b)(6) Failure to State a Claim

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*.*" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the

---

[8] The only objection not addressed by the Court in its opinion was whether the Plaintiffs' failure to identify specific similarly situated local entities who benefitted from the tax was a ground for dismissing the claims under Rule 12(b)(6). *See* ECF No. 52.

[9] As explained in footnote two, this Opinion will not consider whether the objections support granting the Virgin Islands' March 12, 2020, motion to dismiss in *PSMT*, Case No. 3:19-cv-0118 (ECF No. 10), since the Virgin Islands's March 12th motion has since been mooted by PSMT's Amended Complaint. *See supra* note 2.

complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with a defendant's liability… stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### B. Dormant Commerce Clause

The Commerce Clause of the United States Constitution "empowers Congress 'to regulate Commerce… among the several States.'" *Dep't. of Revenue of Ky. v. Davis*, 553 U.S. 328, 337 (2008) (quoting U.S. Const. Art. 1, § 8, cl. 3). While the Commerce Clause provides an affirmative grant of power to Congress, the provision also contains a negative implication known as the dormant Commerce Clause. *See id.* The dormant Commerce Clause serves as an implicit limitation on the states' authority "to interfere with or impose burdens on

interstate commerce" "even in the absence of a conflicting federal statute." *Oxford Assoc. v. Waste Sys. Auth. of E. Montgomery Cnty.*, 271 F.3d 140, 145 (3d Cir. 2001) (quoting *Tolchin v. Supreme Court of the State of Nj.*, 111 F.3d 1099, 1106 (3d Cir. 1997) (additional internal quotations omitted); *United Hauler Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt.*, 550 U.S. 330, 338 (2007).[10] The purpose of the dormant Commerce Clause is to protect the free flow of interstate commerce from the "'economic Balkanization' that plagued the early colonies." *Foresight Coal Sales, LLC., v. Chandler*, 60 F.4th 288, 295 (6th Cir. 2023) (quoting *South Dakota v. Wayfair*, 138 S.Ct. 2080, 2089 (2018) (internal citation and quotation omitted).[11] Therefore, "[t]he dormant Commerce Clause 'prohibits the states from imposing restrictions that benefit in-state economic interests at out-of-state interests' expense, thus reinforcing the principle of the unitary national market.'" *Am. Trucking Ass'ns v. Whitman*, 437 F.3d 313, 318 (3d Cir. 2006) (quoting *Cloverland–Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd.*, 298 F.3d 201, 210 (3d Cir. 2002) (internal quotation marks omitted). Accordingly, state taxes or regulations that discriminate against interstate commerce are "virtually *per se*" invalid under the dormant Commerce Clause. *Philadelphia v. New Jersey*, 437 U.S. 617, 624 (1978); *Brown–Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986) ("[W]hen a state statute directly regulates or discriminates against interstate commerce… [courts] generally str[ike] down the statute without further inquiry.") (alterations in the original). As the Supreme Court recently explained in *Nat'l. Pork Prod. Council v. Ross*, "this antidiscrimination principle lies at the 'very core' of our dormant Commerce Clause jurisprudence." 598 U.S. 356, 370 (2023) (quoting *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 581 (1997)).[12]

---

[10] The dormant Commerce Clause empowers the federal courts to not only strike down regulations that unduly burden interstate commerce, but also "certain state taxation even when Congress has failed to legislate on the subject." *Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542, 549 (2015) (quoting *Oklahoma Tax Comm'n v. Jefferson Lines, Inc.*, 514 U.S. 175, 179 (1995)).

[11] *See also Nat'l Pork Prod. Council*, 598 U.S. at 404 (Kavanaugh, J., concurring) (explaining the motivations of the framers when ratifying the constitution: "For the delegates [] 'removing state trade barriers was a principal reason for the adoption of the Constitution.' *Ibid.* In the state ratifying conventions, moreover, 'fostering free trade among the States was prominently cited as a reason for ratification."' quoting *Tennessee Wine and Spirits Retailers Assn. v. Thomas*, 139 S.Ct. 2449, 2460 (2019)).

[12] These antidiscrimination principles apply equally to dormant Commerce Clause challenges to state taxing regimes. *See South Dakota v. Wayfair, Inc.*, 138 S.Ct. 2080, 2091 (2018) ("These principles also animate the

Given that the principal purpose of the dormant Commerce Clause doctrine is to prevent discrimination against interstate commerce, a plaintiff must necessarily allege that the state statute at issue discriminates against or unduly burdens interstate commerce, either on its face or in practical effect, in order to assert a valid dormant Commerce Clause claim.[13] *See Or. Waste Sys., Inc. v. Dep't of Envtl. Quality*, 511 U.S. 93, 99 (1994). Since the parties agree that the 33 V.I.C. § 42 does not discriminate against interstate commerce on its face,[14] and it appears there are no claims that the tax scheme was unduly burdensome,[15] the Court will limit its discussion to the requirements for a discriminatory effect claim.

The Court first must consider whether the plaintiff plausibly alleges the challenged law discriminates against interstate commerce. See *C&A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 390 (1994); *Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd.*, 298 F.3d 201, 210 (3d Cir. 2002). To effectively assert that a state law has a discriminatory effect, the plaintiff must identify disparate treatment of interstate commerce. *See Granholm v. Heald*, 544 U.S. 460, 472 (2005); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 95 (2nd Cir. 2009) ("[I]n order to state a claim for discrimination in violation of the Commerce Clause, a plaintiff must 'identify an[ ] in-state commercial interest that is favored, directly or

---

Court's Commerce Clause precedents addressing the validity of state taxes....The Court will sustain a tax so long as it...does not discriminate against interstate commerce.").

[13] While Justice Gorsuch's opinion in *Nat'l Pork Prod. Council* expressed skepticism regarding the continued validity of dormant Commerce Clause challenges alleging a substantial burden to interstate commerce under *Pike*, six of the justices in that case ultimately decided to "retain the longstanding *Pike* balancing test." 598 U.S. at 403 (Kavanaugh, J., concurring).

[14] Plaintiffs acknowledge that even though the territorial excise tax was rendered facially unconstitutional in *JDS Realty Corp v. Government of the Virgin Islands*, 593 F. Supp. 199 (D.V.I. 1984), the Legislature cured the statutory deficiency in 1984 by expanding the scope of the statute and imposing an excise tax on goods manufactured in the Virgin Islands. *See* ECF No. 1 at 2-3; *see also Reefco Servs., Inc. v. Government of the Virgin Islands*, Civ. No. 2014-110, 2018 WL 4690366, at *5 (D.V.I. Sept. 28, 2018). Accordingly, the Plaintiffs' challenge centers around the actual enforcement of the statute as opposed to the constitutionality of the statutory language itself.

[15] The Court finds that there is no need to consider whether the Plaintiffs' claims are sufficient under *Pike* because the Plaintiffs do not allege that 33 V.I.C. § 42 is "unduly burdensome." The undue burden standard is only relevant "where [a] statute regulates even handedly to effectuate a legitimate public interest." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). Here, the allegation is that the Virgin Islands tax statute was enforced unevenly, not that the statute, as written, placed an undue burden on interstate commerce. *See* ECF No. 1 at 3. Therefore, the only question at issue in this case is whether the statute, as enforced, had a discriminatory effect on interstate commerce.

indirectly, by the challenged statutes at the expense of out-of-state competitors.'" (quoting *Grand Rivers Enters. Six Nations, Ltd. v. Prior*, 425 F.3d 158, 169 (2nd Cir. 2005))). In other words, the plaintiff must show that the statute causes "differential treatment of in-state and out-of-state economic interest that benefits the former and burdens the latter." *Cloverland-Green Spring Dairies, Inc.*, 462 F.3d at 261 (quoting *Granholm*, 544 U.S. at 472).

However, "[d]isparate treatment constitutes discrimination only if the objects of the disparate treatment are, for the relevant purposes, similarly situated." *United Haulers Ass'n, Inc.*, 550 U.S. 330, 348 (2007) (quoting *Town of Harrison*, 520 U.S. 564, 601 (1997) (Scalia, J., dissenting)); *see also Family Winemakers of Cal. v. Jenkins*, 592 F.3d 1, 10 (1st Cir. 2010) ("A state law is discriminatory in effect when, in practice, it affects similarly situated entities in a market by imposing disproportionate burdens on out-of-state interests and conferring advantages upon in-state interests."); *LensCrafters, Inc. v. Robinson*, 403 F.3d 798, 804 (6th Cir. 2005). In fact, "any notion of discrimination *assumes* a comparison of substantially similar entities." *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 298 (1997); *see Alaska v. Artic Maid*, 366 U.S. 199, 204-05 (1961). A showing that the tax or regulation advantages a similarly situated competitor is critical to the success of any dormant Commerce Clause claim alleging discriminatory effect because disparate treatment between entities serving different markets who do not compete would not amount to discriminatory treatment. Thus, the dormant Commerce Clause would have no job to do. *See Tracy*, 519 U.S. at 300 ("In the absence of actual or prospective competition between the supposedly favored and disfavored entities in a single market there can be no local preference, whether by express discrimination against interstate commerce or undue burden upon it, to which the dormant Commerce Clause may apply."); *LSP Transmission Holdings, LLC v. Lange*, 329 F. Supp. 3d 695, 705-706 (D. Min. 2018), *aff'd sub nom. LSP Transmission Holdings, LLC v. Sieben*, 954 F.3d 1018 (8th Cir. 2020) (citing *Tracy*, 519 U.S. at 303; *Grocery Mfrs. Ass'n v. Sorrell*, 102 F. Supp. 3d 583, 608 n. 11 (D. Vt. 2015) ("Indeed, '[b]oth an in-state interest and an out-of-state competitor are necessary because laws that draw distinctions between entities that are not competitors do not discriminate for purposes of the dormant Commerce Clause.'" (brackets in the original) (quoting *Selevan*, 584 F.3d at 95)); *All. Of Auto Mfrs. v. Gwadosky*, 304 F. Supp. 2d 104, 113 (D. Me. 2004) ("Applying these principles, Section 10 of L.D.1294 does not

discriminate against out-of-state manufacturers, because as a matter of fact, there are no in-state manufacturers to be favored.").[16]

### III.   ANALYSIS

Here, the Court finds that the Plaintiffs have all alleged a plausible dormant Commerce Clause claim sufficient to survive the motion to dismiss stage. The Plaintiffs, in this case, allege that they import items from outside the U.S. Virgin Islands and that from 2016 through 2019,[17] the Government of the Virgin Islands imposed excise taxes on the Plaintiffs' imported goods pursuant to 33 V.I.C. § 42 despite not imposing an equivalent tax on locally produced goods during that same period. *See* ECF No. 1 at 3-4. Although the Plaintiffs alleged they suffered discriminatory treatment as consumers by paying excise taxes on imported goods, the Virgin Islands contends the Court should still dismiss the Plaintiffs' claims because they fail to allege any similarly situated local producers who benefited from the government's alleged discriminatory enforcement of 33 V.I.C. § 42 on imported goods. *See* ECF No. 8 at 4-7. The Virgin Islands believes that a prerequisite to asserting a valid dormant Commerce Clause claim is that the Plaintiffs identify the particular local entities who were advantaged by the enforcement of the excise tax, and thus, a general

---

[16] To understand why an unburdened similarly situated competitor must exist to succeed on a dormant Commerce Clause claim, it may be helpful to look at an example:

For the sake of argument, say Texas enacts a three-dollar tax on every carton of cigarettes imported into the state. Initially, it appears the new tax may, on its face, unfairly discriminate against out-of-state cigarette producers since the cost of purchasing a carton of imported cigarettes is effectively three dollars more expensive than the cost to purchase locally manufactured cigarettes which do not suffer the same tax burden. Thus, unless the out-of-state producers are willing to sell their cigarettes at a significantly lower price (which itself would constitute a discriminatory effect) the out-of-state producers will likely lose a significant market share to the local cigarette producers because Texas consumers will be able to purchase the Texas-made cigarettes at a significantly lower price and thus detrimentally harm interstate commerce. However, the key here is that the tax only harms the out-of-state producers if a Texas cigarette producer exists who is capable of taking advantage of the disparate treatment by making locally produced cigarettes available at a cheaper price. If no Texas cigarette producers existed in the state, the new tax would fail to produce a discriminatory effect on interstate commerce. This is true because if out-of-state producers are the only companies providing cigarettes to Texas consumers, then the tax has no effect on competition because the burden is imposed on all competing producers equally. Without a Texas producer competing in the market, the out-of-state producers can effectively pass on the cost of the tax to the consumers without suffering any economic or competitive harm because the Texas consumer has no one else to turn to. Therefore, without a similarly situated local competitor capable of taking advantage of the disparate treatment imposed by a theoretically discriminatory tax, there is no economic harm for the dormant Commerce Clause to remediate.

[17] *See supra* note 3.

claim that local producers were given an advantage at the expense of out-of-state producers is insufficient. *See id.* The Court, however, does not believe that such specific allegations are necessary at this stage of the proceedings.

Under Rule 12(b)(6), the Court must assume that all the allegations in the Plaintiffs' complaints are true. *See Parker*, 363 F.3d at 233. Here, the Plaintiffs allege that goods produced in the Virgin Islands were not subject to the local excise tax while the imported goods they purchased were taxed. *See* ECF No. 1 at 4-5. Although the Plaintiffs did not specifically allege that the imported goods competed in the same market as the untaxed locally produced goods, that allegation is implicit in the claim of discrimination itself. *See Tracy*, 519 U.S. at 298 ("any notion of discrimination *assumes* a comparison of substantially similar entities.") (emphasis added). Therefore, at the pleadings stage, the Court finds the Plaintiffs need not identify precisely who the relevant local competitors are in order to state a claim.

Although a specific showing of similarly situated local competitors who produce the goods in question will potentially be necessary in order to demonstrate that out-of-state producers suffered competitive harm as a result of the excise tax, the allegation that such a local competitor exists for all the goods in question is sufficient to overcome a Rule 12(b)(6) motion.[18] It is certainly more than plausible that at least some of the goods plaintiffs imported are also goods produced in the Virgin Islands. For example, one plaintiff is a grocery store operator, and one is a retail merchandise store.[19] Fruits, vegetables, and textiles are all goods likely produced in the Virgin Islands. Therefore, the claim that local producers benefitted from the tax is sufficient to establish a plausible dormant Commerce Clause claim and overcome the Virgin Islands' Rule 12(b)(6) motion.

## IV.   CONCLUSION

---

[18] The Virgin Islands fails to point to a single case where a court dismissed a dormant Commerce Clause claim at the pleadings stage because the plaintiff failed to allege with sufficient specificity who the similarly situated local benefactors were.  *See* ECF No. 49

[19] See ECF No. 1 in *United*, Case No. 3:21-cv-0043; *Impex*, Case No. 3:21-cv-0044.

For the reasons stated above, the Court will adopt the remaining portions of the Magistrate Judge's R&R and deny the Virgin Islands' motion to dismiss in each of the above-captioned cases without prejudice.

An appropriate Order follows.

**Dated:** January 18, 2024

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**